

**ORDERED in the Southern District of Florida on September 6, 2024.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| IN RE: | CASE NO.: 23-16141-MAM |
| | CHAPTER 11 |
| PARAMETRIC SOLUTIONS, INC. | |
|     Debtor in Possession. | |
| _____/ | |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION AND SETTING POST-CONFIRMATION STATUS CONFERENCE

**THE COURT** having held a confirmation hearing on **August 20, 2024, at 2:30 p.m**. to consider confirmation of the Debtor's Second Amended Joint Plan of Reorganization (the "Plan") [D.E. #212] dated July 2, 2024, Amendment by Interlineation to Article VI of the Second Amended Joint Plan of Reorganization [D.E. #234] and the Amendment by Interlineation to Article VII f the Second Amended Joint Plan of Reorganization [D.E. #237] filed by Parametric Solutions, Inc.

1

("Debtor") under Chapter 11 of the Bankruptcy Code (the "Code"); and

The Plan and Disclosure Statement and all amendments filed in connection therewith having been transmitted to creditors and equity security holders and it having been determined after hearing on notice that:

A.  The Plan and Disclosure Statement and all amendments filed in connection therewith have been accepted in writing by the creditors and equity holders whose acceptance is required by law.

B.  The Debtor filed an Exhibit Register [DE #241] in support of the confirmation request with eight (8) Exhibits attached thereto.  Debtor's counsel presented and discussed each of the Exhibits during the hearing in support of the Second Amended Plan.  At the conclusion of the hearing, the Court admitted the Exhibit Register and Exhibits into evidence.

C.  The provisions of Chapter 11 of the Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law.

D.  The following modifications are made to the Plan:

Section 3.3

**Class Two: (Bank of America):** The secured claim of Bank of America in the amount of $2,380,498.07, which amount has been reduced since this case filing for payments made, shall be paid at the contract rate of interest over 60 months at a rate of $43,403.84 per month, commencing on the Effective Date and continuing on the 15th day of each calendar month thereafter until paid in full. There shall be no prepayment penalty if the Debtor is able to pay the secured portion of the claim sooner than set forth herein. All remaining terms of the loan documents shall remain in effect, except as expressly modified in this section of the Plan, but the Debtor shall execute new loan documents reflecting the updated

balance and dated as of the Effective Date of the Plan. All references to audited financial statements in the financial reporting requirements set forth section 9.2 of the Amended and Restated Loan Agreement dated October 17, 2019 shall be modified to require unaudited financial statements, and section 9.3 of the Amended and Restated Loan Agreement dated October 17, 2019 , which sets for the asset coverage ratio shall be stricken. This claim is impaired.

**Class Three: (Bank of America):** The secured claim of Bank of America in the amount of $620,603.50, which amount has been reduced since this case filing for payments made, shall be paid at the contract rate of interest over 60 months at a rate of $11,700.16 per month, commencing on the Effective Date and continuing on the 15th day of each calendar month thereafter until paid in full. There shall be no prepayment penalty if the Debtor is able to pay the claim sooner than set forth herein. All remaining terms of the loan documents shall remain in effect, except as expressly modified in this section of the Plan, but the Debtor shall execute new loan documents reflecting the updated balance and dated as of the Effective Date of the Plan. All references to audited financial statements in the financial reporting requirements set forth section 9.2 of the Amended and Restated Loan Agreement dated October 17, 2019 shall be modified to require unaudited financial statements, and section 9.3 of the Amended and Restated Loan Agreement dated October 17, 2019 , which sets for the asset coverage ratio shall be stricken. This claim is impaired.

E.     With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy

Code on such date.  The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that are impaired under the Plan, and had not accepted the Plan; and

F. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

G. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor, after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy; and

H. The identity of any insider that will be employed or retained by the Debtor and compensation to such insider has been fully disclosed; and

I. The confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or further reorganization is proposed in the Plan.

**IT IS THEREFORE ORDERED:**

1. The Second Amended Plan of Reorganization [D.E. #212] including any amendments via interlineations filed therewith is hereby **CONFIRMED**;

2. The Court shall retain jurisdiction as provided in the Plan until all plan payments are made and the Debtor receives a discharge;

3. The Debtor shall pay to the United States Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) for pre-confirmation periods through the Effective Date of the plan. Furthermore, the reorganized Debtor shall file a Post Confirmation Report beginning on the Effective Date of the Plan; and the reorganized Debtor shall further pay the United States Trustee the appropriate sum, based on all disbursements, required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C.§ 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period;

4. The law firm of KELLEY KAPLAN & ELLER, PLLC is named as disbursing agent; bond is waived, the disbursing agent is directed to make all first installment payments on the Effective Date of the Plan, or as otherwise directed in the Plan. Upon sixty (60) days after this Order becomes final, the disbursing agent shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form, reserving jurisdiction to perform all post-confirmation activities as set forth in the Plan;

5. This Confirmation Order shall be effective immediately upon its entry and, in accordance with Federal Rules of Bankruptcy Procedure 3020(e), 6004(h) and 6006(d) this Confirmation Order shall not be stayed;

6. The Court will conduct a post-confirmation status conference on **October 1, 2024 at 2:30 p.m.** in the U.S. Bankruptcy Court, 1515 N. Flagler Drive, Courtroom A, West Palm

Beach, Florida 33401 to determine: (I) compliance with the provisions of this Order, and (ii) whether the disbursing agent and the plan proponent have timely filed the required Final Report of Estate and Motion for Final Decree Closing Case**.**

**Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To resister, click or manually enter the following registration link in a browser:**

**https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3IJmn8ydPxj4**

**All participants (whether attending in persons or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.**

**If a party is unable to register online, please call Maria Romaguera, Courtroom Deputy, at 561-514-4109.**

7. The Court reserves jurisdiction to enforce the terms of this Order and provisions of the confirmed Plan.

###

**Submitted by:**
Craig I. Kelley, Esquire
Kelley Kaplan & Eller, PLLC
1665 Palm Beach Lakes Blvd., Suite 1000
West Palm Beach, FL 33401
Tel. No. (561) 491-1200
Fax No. (561) 684-3773

E-mail: bankruptcy@kelleylawoffice.com

**Copies furnished to:**

*CRAIG I. KELLEY, ESQ., is directed to serve copies of this order on all interested parties and file a Certificate of Service.*